IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Alonzo Echols,**

       **Plaintiff,**

v.                                                                                                  Case No. 04-2484-JWL

**Unified Government of Wyandotte County/
Kansas City, Kansas,**

       **Defendant.**

## MEMORANDUM & ORDER

In December 2005, a jury awarded plaintiff Alonzo Echols compensatory damages of $500,000 on his state law claim of false imprisonment against defendant arising from the arrest and subsequent detention of plaintiff based on mistaken identity. The Clerk of the Court entered a judgment on the verdict. In February 2006, plaintiff filed a satisfaction of judgment. This matter is now before the court on two pro se motions filed by plaintiff—a "motion for order for attorney fees" (doc. 102) and a "motion to investigate" (doc. 107). As will be explained, the court denies both motions.[1]

While it is not entirely clear from the record, it appears that plaintiff was recently arrested and detained yet again by the Kansas City, Kansas police. Based on his "continued harassment" by the police, he now seeks an award of $250,000—the amount that he asserts he paid to his

---

[1] Defendant's motion for leave to file a surreply (doc. 113) is also pending before the court. Because the court does not reach the issues about which defendant seeks to file a surreply, the motion is denied.

lawyers at the end of his case.  In his motion to investigate, he asserts the need for a "federal investigation" concerning the defendant's police operations.

A final judgment was entered in this case in December 2005.  A final judgment "terminates all matters as to all parties and all causes of action."  *See Utah v. Norton*, 396 F.3d 1281, 1286 (10th Cir. 2005).  Thus, unless the case is reopened, no motion other than a motion for relief from judgment under Rule 60(b) is appropriate.  *See Pemberton v. Patton*, 757 Fed. Appx. 689, 691-92 (10th Cir. Dec. 11, 2018).  In other words, plaintiff may not proceed on his motion for fees or his motion to investigate in this closed case.

Even liberally construing plaintiff's pro se motions as one for relief from judgment under Rule 60(b), those motions must be denied.  Rule 60(b) sets forth six possible grounds upon which one may move for relief from a judgment.  Nothing in plaintiff's motions suggests that plaintiff can satisfy any of those six criteria.  Motions made under Rule 60(b)(1), (2), and (3) must be made no later than one year after entry of the judgment, *see* Fed. R. Civ. P. 60(c), a condition that plaintiff cannot satisfy in this case.  Motions made under Rule 60(b)(4), (5), and (6) must be made "within a reasonable time."  *Id*.  Nothing in the record or in plaintiff's motions supports the conclusion that the passage of almost fifteen years between the entry of the judgment and plaintiff's motions is reasonable.  *In re Clemmons*, 279 Fed. Appx. 648, 650-51 (10th Cir. 2008) (as a matter of law, delay of 15 years after entry of judgment is not reasonable for filing motion under Rule 60(b)(6)).  In addition, to the extent plaintiff now wants an award of attorney fees in this case, he has identified no statutory or contractual basis for such an award—he prevailed only on a state claim of false imprisonment.  Thus, the fact that he is seeking fees is not a basis to reopen this case.  And in any event, the satisfaction of judgment filed by plaintiff bars plaintiff

from seeking additional fees or damages from defendant based on the claims set forth in this case. 47 Am. Jur. 2d Judgments § 766 (2017) ("A satisfaction of judgment bars any further effort to alter or amend the final judgment," including a post-judgment hearing on a claim for additional fees.). Finally, to the extent plaintiff seeks discovery relating to events that have occurred since the closing of this case, he may file a new complaint challenging his alleged third arrest and detention by opening a new case with the appropriate filing fee. *See Pemberton*, 757 Fed. Appx. at 692 (where plaintiff failed to reopen closed case, he was required to file a new complaint and subsequent motions in a new case); *Sharp v. Ritter*, 415 Fed. Appx. 944, 944-45 (10th Cir. 2011) ("A Rule 60(b) motion, of course, is not the proper vehicle for launching fresh and unrelated claims for relief. As the district court rightly concluded, [such claims] must be brought, if at all, in a new [case].").

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's motion for order for attorney fees (doc. 102) is denied; plaintiff's motion to investigate (doc. 107) is denied; and defendant's motion for leave to file a surreply (doc. 113) is denied.

**IT IS SO ORDERED.**

Dated this 26th day of June, 2019, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge